CLESI v. COONEY

(February 28, 1927.  Opinion and Decree.)
(March 28, 1927.  Rehearing Refused.)
(May 23, 1927.  Writ of Certiorari and
Review Granted by Supreme Court.  See
164 La. —, 114 So. 584.)

(*Syllabus by the Court*)

1.  **Louisiana Digest—Brokers—Par. 18, 19.**
Where a contract confers upon a real
   estate agent the exclusive right to sell
   a property during a specified time,
   the agent is entitled to a commission
   if, during the time, the owner himself
   sells the property.

2.  **Louisiana Digest—Judgment—Par. 28.**
Under S. 4 of Sec. 1 of the several Plead-
   ings and Practice acts the judge may
   render summary judgment on rule
   whenever he shall be of the opinion
   that the plaintiff is entitled to judg-
   ment upon the petition and answer.

Appeal from the Civil District Court,
Division "D".  Hon. Porter Parker, Judge.

Action by N. J. Clesi against P. A.
Cooney.

There was judgment for plaintiff and de-
fendant appealed.

Judgment affirmed.

W. J. Guste, attorney for plaintiff and
appellee.

Dart & Dart, attorneys for defendant
and appellant.

OPINION

CLAIBORNE, J.  Plaintiff obtained judg-
ment against the defendant upon his an-
swer.

The defendant appealed.

Paragraph "fourth" of Section 1 of Act
157 of 1912, p. 225, and of Act 300 of 1914,
p. 611, and of Act 27 of 1926 reads as
follows:

"At any time after the answer is filed
the plaintiff may by rule submit to the
court the question of his right to a judg-
ment upon the petition and answer.  For
the purpose of the trial of such rule all
material allegations of fact contained in
the petition and not denied in the answer,
and all allegations of fact contained in the
answer shall be deemed and taken as
true. * * * If upon the consideration of
the petition and answer as above provided
the court shall be of the opinion that the
plaintiff is entitled to a judgment, it shall
proceed to render and sign such judgment
in the same manner and form and with
the same effect as if a trial had been had
upon evidence regularly addressed and such
judgment shall constitute for all purposes a
definite judgment, etc."

The petition in this case is as follows:

I.  "That P. A. Cooney * * * is justly
and truly indebted unto your petitioner
in the full sum of $1620 for this to-wit:

II.  "That on the second day of May,
1923, the said P. A. Cooney entered into
a written agreement with your petitioner,
N. J. Clesi, whereby the defendant, P. A.
Cooney, did appoint your petitioner, N. J.
Clesi, as the sole and exclusive agent for
the sale of the property at the corner of
St. Charles Avenue and Felicity street in
the square bounded by Prytania and Polym-
nia streets, in consideration of petitioner's
agreement to render the usual services of
a real estate agent in procuring a buyer
for the said property.

III.  "That said agreement and exclusive
proposal stated if your petitioner found a
buyer or proved instrumental in finding
one, or should the above mentioned prop-
erty be sold by defendant, P. A. Cooney,
or any other person during the term of
said exclusive authorization to sell, the
said P. A. Cooney would nevertheless pay
your petitioner 3% commission on the
purchase price for services rendered by
petitioner, said commission being earned
and payable when the agreement to pur-

chase was signed and that said exclusive authorization to sell and agreement should remain in force for thirty days, that is, until June 2, 1923, all of which will more fully appear by reference to said agreement which is filed herewith and made part hereof.

IV. "Petitioner now avers that on the basis of this agreement he diligently and earnestly attempted to dispose of this property, advertising same at his expense, soliciting offers and holding conferences with various parties and prospective buyers relative to same.

V. "That he advised defendant on several occasions of his ability to dispose of this property at the sum of $55,500, but that defendant declared to petitioner that he would not be satisfied with same; that despite the work performed by petitioner, and despite his endeavors and despite his offer to defendant to dispose of the property at the sum of $55,500, the said P. A. Cooney did, on or about the 11th day of May, 1923, before the expiration of the exclusive contract with petitioner, and without the knowledge or consent of petitioner, enter into a contract with one P. A. Ferrara for the sale of said property for the price and sum of $54,000; that the said contract with P. A. Ferrara provided defendant with a purchaser for the property who was ready, willing and able to purchase the property in question at the price of $54,000, and that according to the exclusive contract of defendant with petitioner, in view of defendant's agreement to pay petitioner 3% commission, if defendant, nevertheless, sold said property himself, or if the said property was sold by some person other than your petitioner, the petitioner is, therefore, entitled to be paid by defendant the said commission of 3% or the sum of $1620."

After the exception of "no cause and no right of action" had been overruled the defendant filed the following answer:

"Now comes P. A. Cooney, made defendant in the foregoing case, and with full reservation of the exceptions heretofore filed and answering herein only because ordered to do so by this court, and without waiving the exceptions, says:

I. "That he admits that he is of age and a resident of New Orleans, but denies all the other allegations contained in paragraph one of said petition.

II. "That he admits entering into the written agreement of May 2, 1923, which is referred to in paragraph two, and denies all other allegations contained in Article two of the petition save such as may be hereafter admitted.

III. "Respondent shows that he is not required to answer the statements made in this paragraph because the same are conclusions of the pleader, and, therefore, he denies all of these conclusions, and denies all other facts which will vary or otherwise alter or change the contract which he is sued on, the original of which he has annexed to this article of the petition, and which respondent admits to be the original agreement.

IV. "For lack of definite information concerning the allegation contained in Article four, respondent denies the same.

V. "Respondent denies all the allegations contained in Article V of said petition, save such as may be hereafter admitted. Further answering this article, respondent shows that, while it is true he did enter into an agreement with P. A. Ferrara under date of May 11, 1923, under which said Ferrara had the right to buy said property at the price and sum of $54,000, on terms of $20,000 cash, balance in one, two and three years, represented by notes bearing interest at the rate of seven per cent per annum; that said contract or agreement with said Ferrara did not in any way interfere with the contract between respondent and said plaintiff; that respondent notified plaintiff of this fact and told plaintiff that he, respondent, was ready to live up to the terms of his contract and to deliver the property to any purchaser that said Clesi might produce, who would pay $60,000 cash, as provided for in said agreement; that instead of producing or attempting to produce any one at $60,000 cash, that said Clesi has never lived up to his contract aforesaid, has never produced any person who would pay $60,000, and has not otherwise tendered performance under said agreement of May 2, 1923, and that this was also true on

June 2, 1923, the date on which the contract of employment ceased; that therefore having performed no services within the contemplation of the contract, plaintiff is without right to claim anything from your respondent."

After this answer plaintiff took a rule upon the defendant to show cause "why judgment should not be rendered in favor of the plaintiff on the face of the pleadings".

·The rule was made absolute and judgment was rendered against defendant as prayed for.

The defendant has appealed.

It will be noted that the defendant denied only the following allegations: that he was indebted to the plaintiff; that the plaintiff attempted to dispose of the property, or that he was able to sell it for $55,500.

But the defendant admitted the contract sued on, and admitted that he had entered "into an agreement with P. A. Ferrara under date of May 11, 1923, under which said Ferrara had the right to buy said property at the price and sum of $54,000.

The contract sued on was dated May 2, 1923, and provided that the defendant, Cooney, appointed the plaintiff, Clesi, his sole and exclusive agent for the sale of his property until June 2, 1923, and that should the property be sold by defendant during that time that he "would nevertheless pay plaintiff 3% commission on the purchase price * * * said commission being earned and payable when the agreement to purchase was signed".

Defendant on May 11, within the time of the contract, signed an agreement with Ferrara to sell him the property for $54,000.

All the conditions upon which the plaintiff depended to become entitled to his commission have happened. Defendant sold the property during the life of plaintiff's contract.

In the case of Clesi vs. D'Angelo, No. 10,586 of this court, decided December 13, 1926, we said:

"Where a contract confers upon a real estate agent the exclusive right to sell the property during a specified time, the agent is entitled to a commission if, during the time, the owner sells the property himself or through an agent."

"It is a recognized rule that a party wrongfully discharged from his employments may treat the contract as performed and recover the contract price as the measure of his damages." See also Viguerie vs. Davus, No. 10,431 O.B.K. 71; 12 Orl. App. 385; Freeman & Freeman vs. Torre Realty & Improvement Co., 157 La. 1097, 103 So. 334.

The contention that plaintiff did not procure a buyer at $60,000 is untenable. Judgment goes against the defendant because the defendant, by selling the property, put it out of the power of plaintiff to procure a buyer at any price.

The plea that defendant's agreement to sell Ferrera did not in any way interfere with the contract between the plaintiff and the defendant, does not appear to us serious.